IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA.

CASE NO.:
DIVISION: 2004-CA-008208    -XXXX-MA

RUTH A. PAGE

    Plaintiff,

vs.            **DIVISION CV-E**

SOLANTIC LLC.,
a foreign corporation,

    Defendant.



---

## COMPLAINT AND DEMAND FOR JURY TRIAL

  RUTH A. PAGE, (hereinafter Plaintiff), sues the Defendant, SOLANTIC LLC, a foreign

corporation, (hereinafter Defendant), and alleges:

1.  This is an action that exceeds the sum of Fifteen Thousand Dollars ($15,000.00),

   exclusive of interests, costs and attorney's fees.

2.  At all times material, the Plaintiff was and remains a resident of Duval County,

   Florida.

3.  At all times material, Defendant was and remains a foreign corporation, licensed to

   do business and does conduct a substantial amount of business in Jacksonville, Duval

   County, Florida.

4.  All facts material to this action occurred in Jacksonville, Duval County, Florida.

## GENERAL ALLEGATIONS

5.  On or about December 18, 2004, Plaintiff had surgery for a back condition.

6.  On or about March 31, 2004, Plaintiff returned to work and provided Kris Zynda,

Manager, with a work statement from her doctor indicating a ten (10) pound lifting restriction.

7. On or about April 12, 2004, the Plaintiff spoke on the telephone with Lisa Rosa, Human Resources, who informed the Plaintiff that she could not come back to the company with a lifting restriction.

8. On or about April 13, 2004, the Plaintiff spoke with her physician who provided her with a new work release stating that she had no lifting restrictions.  Plaintiff then called Lisa Rosa and left several messages about returning to work.

9. On or about April 14, 2004, Plaintiff again attempted to contact Lisa Rosa.  None of Plaintiff's telephone calls were ever returned.

10. On or about April 15, 2004, Plaintiff traveled to the business to speak directly with Lisa Rosa.  Plaintiff provided a full release from her doctor to Ms. Rosa, who then told her that she would have to "check with corporate" regarding Plaintiff's return to work because she did not have the final say about whether the Plaintiff could or could not return to work.

11. On or about April 16, 2004, Ms. Rosa informed Plaintiff that there was only part-time work available and that Mr. Kris Zynda, Plaintiff's manager, would contact Plaintiff to schedule her next work shift.

12. Ms. Rosa informed Plaintiff that the reason for Plaintiff's part-time employment was because Plaintiff was now a risk and liability to herself and to the company since her surgery, and further stated that this part-time status had nothing to do with her performance.

13. On or about April 22, 2004, Plaintiff received by certified mail, correspondence dated

April 16, 2004, advising her of her termination from Solantic effective March 12,

2004, due to Plaintiff's exhaustion of her Family Medical Leave. (F.M.L.A.).

## COUNT I: HANDICAP/PERCEIVED HANDICAP DISCRIMINATION

14.   Plaintiff realleges paragraphs 1 - 13 as if fully set forth herein and further alleges:

15.   This is an action brought against Defendant on the basis of an unlawful discriminatory practice relating to the Plaintiff's handicap or perceived handicap.

16.   Section 760.10(1)(a), Florida Statutes, states that it is an unlawful employment practice for an employer.... to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment because of such individuals...handicap.

17.   On or about June 10, 2004, the Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations (FCHR) which said charge was received by the FCHR.

18.   All statutory pre-requisites have been complied with prior to the filing of the original charge of discrimination.

19.   The Charge of Discrimination referred to in  paragraph 15 was filed within three hundred and sixty five (365) days from the date of the last discriminatory act in accord with chapter 760 Florida Statutes.

20.   Over one hundred and eighty (180) days have passed from the date of the filing of the charge of discrimination without a determination being made by the FCHR, therefore, no determination of reasonable cause is necessary for the Plaintiff to proceed with this action.

21.   At all times material hereto, the Plaintiff is and has been a member of a protected

class in that she is handicapped or perceived as handicapped.

22. The Plaintiff's handicap or perceived handicap was the sole or motivating factor which contributed to the discriminatory treatment in the terms and conditions of Plaintiff's employment with Defendant.

23. As a direct and proximate result of the actions of its agents and/or employees, while acting in the course and scope of their employment, Plaintiff has suffered mental anguish, pain and suffering and loss of dignity, and lost wages, all past, present and future.

24. Plaintiff has obligated herself to pay a reasonable attorney's fee with the bringing of this action. Section 760.11(5) Florida Statutes provides that a reasonable attorneys fee may be awarded to the prevailing party.

25. The defendant's acts of discrimination were performed with malice and reckless indifference to Plaintiff's protected civil rights. Section 760.11(5), Florida Statutes, (1993), provides that punitive damages may be awarded and the provision of Section 768.72 and 768.73, Florida Statutes, do not apply.

**WHEREFORE**, the Plaintiff demands judgment against Defendant for compensatory damages, punitive, costs, attorneys fee, and any further relief that this Court deems just and proper, and demands a trial by jury for all issues so triable.

## COUNT II: VIOLATIONS OF THE FMLA

26. Plaintiff realleges paragraphs 1 - 12 as if fully set forth herein and further alleges:

27. This is an action for damages and injunctive relief caused by the Defendant's failure to allow Plaintiff to resume her position of employment with Defendant, and/or subsequent discharge of Plaintiff from employment in violation of §102 of the

Family and Medical Leave Act (hereinafter FMLA) of 1993, 29 U.S.C. §2615 et seq.

28.  The jurisdiction of this Court over this controversy is invoked pursuant to 29 U.S.C. §2617.

29.  Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. §2611(2)(A), during all times material hereto.

30.  Defendant was an "employer" of Plaintiff within the meaning of 29 U.S.C. §2611(4)(A) at all times relevant hereto.

31.  During all times material, Plaintiff suffered from a serious health condition as defined by the FMLA in that Plaintiff required continuing treatment by a health care provider, which resulted in her expected absence from work for more than three (3) consecutive calendar days, along with further treatment by a health care provider, and/or the need for intermittent medical leave.

32.  During all times material, Plaintiff provided notice to her employer regarding her need for protected leave under the FMLA, as such notice was practicable, pursuant to the requirements of the Family and Medical Leave Act of 1993.

33.  Defendant, failed to comply with all notice requirements pursuant to the FMLA, and is therefore precluded from taking any adverse employment action against Plaintiff for any failure on Plaintiff's part to comply with the FMLA.

34.  During all times material, Plaintiff provided medical certification by her health care provider justifying Plaintiff's need for such treatment as well as her medical condition to the extent required by Defendant, its agents and/or employees.

**COUNT IIII: FMLA RETALIATION BY DEFENDANT**

35.  Plaintiff realleges paragraphs 1 - 13, as if fully set forth herein, and further alleges:

36.     During all times material, Defendant retaliated against Plaintiff because of Plaintiff's attempted use of FMLA protected leave by failing and/or refusing to allow Plaintiff to take FMLA leave from her employment position she held prior to requesting FMLA protected leave and terminating her employment in violation of 29 U.S.C. §2615.

**WHEREFORE,** Plaintiff prays this Court will:

a)     enter a judgment that Defendant's termination of the Plaintiff as more fully set forth herein above violated Title 29 U.S.C. §2615 of the Family and Medical Leave Act of 1993;

b)     enter a judgment pursuant to 29 U.S.C. §2617(a)(1)(A)(i)(II) against the Defendant and in favor of Plaintiff for monetary losses Plaintiff sustained as a direct result of Defendant's termination of Plaintiff's employment;

c)     enter a judgment pursuant to 29 U.S.C. §2617 for reinstatement of Plaintiff to her former position of employment with Defendant with all benefits and raises reinstated accordingly;

d)     enter a judgment pursuant to 29 U.S.C. §2617 against the Defendant and in favor of Plaintiff for the reasonable attorney's fees and costs incurred by Plaintiff in connection with the instant action;

d)     enter a judgment pursuant to 29 U.S.C. §2617 (a)(1)(A) in favor of Plaintiff for liquidated damages to be an additional amount equal to the sum of the actual damages plus interest; and

e)     award Plaintiff such further and additional relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues raised herein and in subsequent pleadings which are so triable as a matter of right.

RESPECTFULLY SUBMITTED,

DAVID B. SACKS, ESQUIRE
Fla. Bar No.: 964409
1824 Atlantic Boulevard
Jacksonville, FL 32207
Tele: (904) 623-1122; fax (904) 355-8855
Email: david@sackslegal.com
Attorney for Plaintiff